ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| KBAJ Enterprises, LLC t/b/d/a Home Again | ) ASBCA No. 60222 |
| | ) |
| Under Contract No. SPE5E8-14-M-4256 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Joseph Dente
General Manager, Member and
Corporate Officer

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
DLA Chief Trial Attorney
John F. Basiak, Jr., Esq.
Steven C. Herrera, Esq.
J. Maxwell Carrion, Esq.
Trial Attorneys
DLA Troop Support
Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS OR TO STRIKE

This appeal arises from the alleged deemed denial by the contracting officer (CO) of a claim seeking payment under a purchase order (PO). The government moves to dismiss the appeal for lack of jurisdiction and other grounds, or alternatively, to strike portions of the complaint. Since the Board determines that appellant failed to submit a claim to a CO, the government's motion is granted.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 12 September 2014, the Defense Logistics Agency Troop Support, Hardware (DLA or government), issued PO No. SPE5E8-14-M-4256 (PO 4256) to KBAJ Enterprises, LLC t/d/b/a Home Again[1] for the delivery of 5,000 hexagon nut

---

[1] PO 4256 was issued to "KBAJ ENTERPRISES DBA." In related appeals pending before the Board in which POs were issued in the same name, the parties clarified that the proper name of appellant in those appeals is "KBAJ Enterprises, LLC t/d/b/a Home Again." *See KBAJ Enterprises, LLC t/d/b/a Home Again*, ASBCA No. 59932 *et al.*, 16-1 BCA ¶ 36,493 at 177,835. We conclude that the proper name in this appeal is "KBAJ Enterprises, LLC t/d/b/a Home Again" and the appeal caption is modified accordingly.

packs at a total price of $19,750 (R4, tab 3 at 8, 11[2]; compl. ¶ 4; gov't mot. at 2, ¶ 1). Under block 6 of the PO, Ms. Sharon Sax is identified as the "Local Admin" (R4, tab 3 at 8). Ms. Sax is not the CO who issued the PO.

2. On or about 3 November 2014, DLA received shipment of the items pursuant to PO 4256 from KBAJ (compl. ¶ 22; gov't mot. at 4, ¶ 15). KBAJ subsequently received a partial payment of $5,300 from DLA, corresponding to 1,400 out of 5,000 packs (compl. ¶ 23; gov't mot. at 4, ¶ 16).

3. In an email dated 19 February 2015, CO Matheu C. Wilson (CO Wilson) directed KBAJ to submit traceability documentation that proved that the furnished items complied with PO 4256's terms (R4, tab 4 at 13-14). CO Jayne Manco (CO Manco) was copied on the email (*id.* at 13).

4. In a letter dated 26 February 2015, sent via email on the same date to CO Wilson and copied to Ms. Sax and CO Manco, KBAJ responded to CO Wilson's 19 February email (R4, tab 4 at 13). KBAJ, among other things, communicated that it would not provide any information or documentation to DLA until payment was issued (R4, tab 5 at 17). KBAJ concluded the letter by requesting a response from DLA on its payment request (*id.*).

5. In a 10 March 2015 letter addressed to an individual identified by KBAJ as a Procurement Analyst sent via email on the same date, KBAJ sought assistance in obtaining acceptance and receiving payment on various items shipped under PO 4256 and other alleged contracts between the parties (R4, tabs 6-7, 9). Concerning PO 4256, KBAJ stated in part:

> As you know I have copied you on other emails relative to this award. Therefore, you know we are owed $14,220.00 but have agreed to a re-labeling off set of $1,212.00, thereby leaving a balance due and owing our company in the amount of $13,008.00. This product is currently in possession of the Depot at Tracy, Ca. Finally, as you know from my prior emails the Depot did make a partial acceptance and we received a partial payment of $5,530[3]. Be that as it may this matter has been

---

[2] Citations to the Rule 4 file are to consecutively-numbered pages unless otherwise indicated.

[3] This appears to be a typographical error. The parties do not dispute that KBAJ received a partial payment in the amount of $5,300 for deliveries made under PO 4256 (SOF ¶ 2).

outstanding since October of 2014, with a net balance due us in the amount of $13,008.00.

(R4, tab 7 at 20)

6. In a letter dated 21 April 2015 addressed to Ms. Sax, KBAJ stated in part:

RE: CONTRACT NO. SPE5E8-14-M-4256

Dear Sharon:

You are listed as the local administrator of the above referenced contract. As you know from our past requests we have been attempting to resolve the alleged issues associated with this award. To date we have been ignored, stonewalled and simply not responded to with regard to our attempts to resolve the alleged problems. Therefore, pursuant to the terms and conditions of said contract we are hereby asking if you would agree to submit this matter to [Alternative Dispute Resolution] for resolution. Please let us know your position on or before COB, Friday April 24, 2015. If we do not hear from you by that date we will take you[r] lack of response as a refusal to submit the matter to [ADR].

Finally, if you are not going to agree to [ADR], then please provide us with your written decision as to why you are refusing to pay the balance due and owning [sic] under this award. We require your decision so that the same can be submitted with our claim we intend on filing with the Armed Services Board Of Contract Appeals. If we do not receive your decision by COB, Friday April 24, 2015, we will notify the Board that no decision was received from despite our requests for the same.

(R4, tab 9) COs Wilson and Manco were not copied on the letter.

7. In a letter dated 22 April 2015, CO Manco responded to KBAJ's 26 February and 10 March 2015 letters. Concerning the 26 February letter, CO Manco reiterated that KBAJ was requested to provide adequate traceability documentation, and failure to comply with the request would be deemed as non-compliance with PO 4256's terms (R4, tab 10 at 25). Concerning the 10 March letter, CO Manco communicated that acceptance and payment under PO 4256 and other POs issued to

3

KBAJ were under the purview of the contracting office and that failure to provide adequate traceability could lead to possible termination of the POs (*id.*).

8. In a letter dated 24 April 2015, CO Manco denied KBAJ's request to proceed under ADR in PO 4256 and other POs. The letter does not mention or reference KBAJ's 21 April 2015 letter. (R4, tab 11)

9. On 24 September 2015, KBAJ filed its notice of appeal to this Board, appealing "the Deemed Denial of the Contracting Officer, SHARON SAX of [DLA]" of its "repeated requests for a written decision as why final payment...was not tendered."

## DECISION

DLA's motion raises several grounds for dismissing the appeal and we begin with its contention that no proper claim was submitted to the CO for a final decision because the submission of a claim is a jurisdictional prerequisite for the Board under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. DLA argues that KBAJ's 21 April 2015 letter is insufficient as a claim because it lacks enough detail to inform the CO of an assertion of a demand for payment and the underlying basis. DLA also argues that the letter's request for ADR is a contract administration matter. DLA alleges that the CO's 24 April 2015 letter, in response to the 21 April letter, rejected KBAJ's ADR request but did not invoke the CDA disputes process because it was not a final decision and did not foreclose KBAJ an opportunity to receive payment. (Gov't mot. at 15-16) KBAJ did not submit a response.

The CDA does not define the term "claim"; however, FAR 2.101 defines a claim, in relevant part, as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." A claim is not required to be submitted in any particular form or use any particular wording, but must provide to the CO adequate notice of the basis and amount of the claim and request a final decision. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010). The claim must also be submitted to a CO for a decision. To satisfy the submission requirement, a contractor can either submit its claim directly to a CO or "to its primary contact [with the government] with a request for a final decision of *the contracting officer* and a reasonable expectation that such a request will be honored, and the primary contact in fact timely delivers the claim to the contracting officer." *Neal & Co., Inc. v. United States*, 945 F.2d 385, 388 (Fed. Cir. 1991); *see also Gardner Zemke Co.*, ASBCA No. 51499, 98-2 BCA ¶ 29,997.

4

As the proponent of our jurisdiction, KBAJ bears the burden to establish jurisdiction by a preponderance of the evidence. *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816. "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *Id.* KBAJ's notice of appeal did not attach or indicate a specific document that serves as its claim in this appeal. However, KBAJ's complaint alleges that it "sent out a final demand letter dated April 21, 2015, requesting full payment or submission of the matter to [ADR]" (compl. ¶ 49). We presume that KBAJ attempts to appeal from an alleged CO's deemed denial of this letter.

On its face, the 21 April letter is specifically addressed to Ms. Sax, who is identified by KBAJ as a local administrator and is also identified as a "Local Admin" under PO 4256 (SOF ¶¶ 1, 6). KBAJ's notice of appeal to the Board alleges that Ms. Sax is a CO, but a review of the record does not substantiate that allegation. Therefore, KBAJ has not established that its 21 April letter was submitted directly to a CO.

We next determine whether KBAJ meets the CDA's submission requirement by sending a proper claim to a primary contact. Pursuant to *Neal*, the requirement may be met by submitting a claim to the primary contact "with a request for a final decision of *the contracting officer* and a reasonable expectation that such a request will be honored." 945 F.2d at 388. While the 21 April letter does expressly request a decision from Ms. Sax, even if we were to assume she is a primary contact and the letter otherwise meets the requirements of the FAR definition of a claim, it is apparent that KBAJ intended to resolve its dispute with her. Prior to its 21 April submission, KBAJ received a 19 February 2015 email from CO Wilson that requested traceability documentation in connection with PO 4256 (SOF ¶ 3). KBAJ subsequently responded to CO Wilson's email and copied CO Manco, demanding payment before submitting any documentation (SOF ¶ 4). Therefore, KBAJ was aware of the identities of the pertinent COs yet elected to submit its 21 April letter to Ms. Sax and request a decision from her. *See D.L. Braughler Co. v. West*, 127 F.3d 1476, 1481-82 (Fed. Cir. 1997) (letter styled as a claim with a certification and submitted to the resident engineer, who was an authorized representative of the CO, did not meet submission requirement because letter sought to resolve matter directly with resident engineer); *Bruce E. Zoeller*, ASBCA No. 55654, 07-1 BCA ¶ 33,581 at 166,347 (appellant was aware of the CO's identity under the lease, and submitted a claim seeking "a Chief Accountable Officer's decision" that failed to establish a submission of a claim to a CO under the CDA). Under these circumstances, we conclude that KBAJ neither pursued nor reasonably expected a decision from a CO through its 21 April submission. Based on the foregoing, KBAJ has not satisfied the CDA's submission requirement, depriving the Board of jurisdiction over its appeal.[4]

---

[4] We need not address alternative grounds for dismissal and to strike portions of the complaint raised in DLA's motion.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction. The government's motion is granted.

Dated: 22 November 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60222, Appeal of KBAJ Enterprises, LLC t/d/b/a Home Again, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6